48975. PADGETT MASONRY & CONCRETE COMPANY, INC. et al. v. PEACHTREE BANK & TRUST COMPANY.

DEEN, Judge. 1. Corporations at the time of coming into being must file the name and address of their registered agents and officers with the Secretary of State. Code Ann. § 22-402. When such registered agent cannot with reasonable diligence be found, the suit may be served on the Secretary of State, who then forwards a registered copy to the corporation at the address shown on its records. Code Ann. § 22-403. This action is against Padgett Masonry & Concrete Co., Inc., alleged to be within the jurisdiction of the Superior Court of Bibb County where it was filed and Nelson Padgett, alleged to be a resident of Jones County. Padgett was properly served by second original; therefore, whether the service was legal depends entirely on whether the corporate defendant was properly served as a resident of Bibb County. The sheriff of that county made a return that it could

not be found; the papers were served on the Secretary of State as required and the certificate of the latter filed in the office of the Bibb County superior court clerk shows that a copy was forwarded the corporate defendant by registered mail. Thus, both defendants were properly served, the latter presumably at the address which it furnished to the Secretary of State on incorporation.

2. Neither defendant answered or appeared in the case; a default judgment was taken and when several months later execution was attempted to be levied a motion to set aside was filed based on affidavits showing that the address in Macon, Georgia, where the corporation was registered was not in Bibb County but across the line into Jones County. Whether it had actually been incorporated as a Bibb County or Jones County corporation is not shown in the certificate of the Secretary of State. Both defendants were served officially in a legal manner and, this being so, the defense of lack of jurisdiction over the person and improper venue was waived because not presented to the trial court either by motion or responsive pleading. Code Ann. § 81A-112 (h) (1). *Aiken v. Bynum,* 128 Ga. App. 212 (196 SE2d 180). This case differs from *Holloway v. Frey,* 130 Ga. App. 224 (202 SE2d 845), in that no service of the papers by anyone authorized to serve papers was ever made on the defendant or at any address where the defendant might have been said to have resided. We held that mere notice of a pending suit against the defendant in another county by one not authorized to serve suit papers amounted to nothing.

The appellant relies primarily on *Anderson v. Turner,* 35 Ga. App. 428 (133 SE 306) where there was a default judgment against a defendant in a county not the county of his residence, and which judgment was held to be void, although the defendant had been personally served. That case recognized the truism that jurisdiction over the person may be waived; it represents the law prior to Code Ann. § 81A-112 (h) (1) which establishes the rule that where there is in fact service otherwise valid and the defendant wishes to attack venue he must do so prior to judgment or a waiver will result. The defendants attempted to raise the issue of the constitutionality of this statute by an amendment to their motion to set aside the judgment, but have appealed the case to this court, which has no jurisdiction to adjudicate the constitutionality of statutes, and have not in fact directed their arguments toward the unconstitutionality of the statute. For

these reasons and the additional reason that it does not appear whether the records in the office of the Secretary of State, on which service was made, show this defendant to have been incorporated in Bibb or Jones County, we do not think this issue is in the case, and accordingly retain jurisdiction.

The trial court did not err in denying the motion to set aside the judgment.

*Judgment affirmed. Hall, P. J., and Stolz, J., concur.*

ARGUED JANUARY 17, 1974 — DECIDED FEBRUARY 1, 1974 — REHEARING DENIED FEBRUARY 15, 1974 —

*Charles Marchman, Jr.,* for appellants.

*Jones, Bird & Howell, Earle B. May, Jr., Dow N. Kirkpatrick II, Bloch & Hall,* for appellee.