## 51706. PHILLIPS v. WILLIAMS et al.

MARSHALL, Judge.

The question presented by this appeal is whether the trial court properly set aside a judgment under CPA § 60 (d) for, inter alia, lack of jurisdiction over a party defendant.

Appellant Phillips filed a complaint in Fulton County against Baker Motor Co., Inc., a Fulton County resident, alleging the latter's liability, as bailee, for damages to Phillips' automobile which he had left with Baker for repairs. Baker Motor Co. answered denying liability and brought a third-party complaint against Funderburke (d/b/a an auto body shop) alleging the latter's liability for damage to Phillips' automobile. Funderburke denied liability, and moved the court for leave to add the appellee Williams as a fourth-party defendant. Williams, at all times, was a resident of Banks County. This latter motion was granted and Williams was made a fourth-party defendant, but the record does not show that a fourth-party complaint was ever filed against or served upon Williams. Then appellant Phillips moved the court for permission to add Williams as a party defendant to the main action, which motion was granted. However, Phillips never amended his complaint so as to add Williams as a party defendant. Instead, he caused to be served on Williams in Banks County copies of all the pleadings heretofore mentioned as well as some other papers not relevant here. Williams did not respond to these pleadings, and 11 months later, in November, 1974, judgment was entered against Williams in favor of

Phillips. Judgment was also entered in favor of Baker Motor Co.

In July, 1975, Williams filed a motion to have the judgment set aside on the grounds that he was not subject to the jurisdiction of the court and that under the pleadings he was neither a fourth-party defendant nor a party defendant to the action. In September, 1975, the trial court granted this motion for several reasons, one of which was the lack of jurisdiction over Williams, and dismissed him as a party defendant and a fourth-party defendant. *Held:*

"A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. . ." CPA § 60 (d) (Code Ann. § 81A-160 (d)). There is no question that Phillips could have amended his complaint under CPA § 15 (Code Ann. § 81A-115 (a)) so as to add Williams to his complaint as a party-defendant. CPA § 21 (Code Ann. § 81A-121); *Humble Oil &c. Co. v. Fulcher,* 128 Ga. App 606 (1) (197 SE2d 416). Furthermore, the fourth-party complaint may also have been amended to show service of process under CPA § 4 (Code Ann. § 81A-104 (h)). Such defects were amendable and the motion to set aside could not be granted for this reason.

However, the trial court's order was correct for another reason. Williams was a nonresident and was subject to the court's jurisdiction either as a party defendant or as a fourth-party defendant *only* because the court had jurisdiction over the resident defendant, Baker Motor Co. Once judgment was rendered in favor of the resident defendant jurisdiction over the nonresident defendant was lost. See, *Southeastern Truck Lines v. Rann,* 214 Ga. 813 (108 SE2d 561); *Fowler v. Southern Airlines,* 192 Ga. 845 (5) (16 SE2d 897); *Warren v. Rushing,* 144 Ga. 612 (1) (87 SE 775); *Henry v. Mann,* 134 Ga. App. 522 (215 SE2d 286). And the defect is non-amendable. See, *Holloway v. Frey,* 130 Ga. App. 224 (2) (202 SE2d 845). The same jurisdictional defect applies to the fourth-party complaint as well. See, *Register v. Stone's Independent Oil,* 227 Ga. 123 (179 SE2d 68).

Appellant Phillips contends that Williams waived the defense of lack of jurisdiction under CPA § 12 (h)(1)

(Code Ann. § 81A-112 (h)(1)) because such defense was not made by motion nor included in any responsive pleading. See, *Thrift v. Vi-Vin Products*, 134 Ga. App. 717 (1) (215 SE2d 709); *Padgett Masonry &c. Co. v. Peachtree Bank &c. Co.*, 130 Ga. App. 886 (1) (204 SE2d 807); *Aiken v. Bynum*, 128 Ga. App. 212 (2) (196 SE2d 180).

However, Williams did not have this defense available to him until the resident defendant was discharged as a party to the action. It is obvious that one can not waive a defense under CPA § 12 (h)(1) which does not exist at the time responsive pleadings are required. Furthermore, in 1974, the legislature amended CPA § 60 (d) (Ga. L. 1974, p. 1138) by adding, "a motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record or pleadings." The effect of this amendment is to prevent waiver of the defense of lack of jurisdiction under CPA § 12 (h)(1) by allowing it to be raised in a motion to set aside under CPA § 60 (d).

There being no waiver of a nonamendable defect, the trial court did not err in granting Williams' motion to set aside.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 9, 1976 — DECIDED FEBRUARY 12, 1976.

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader, Ernest J. Nelson, Jr.,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Edward C. Stone, James H. Neal, Shoob, McLain & Jessee, M. David Merritt,* for appellees.