## 53551. ALLEN v. ALSTON.

SUBMITTED MARCH 2, 1977 — DECIDED MARCH 11, 1977.

*Katz, Weissman & Loftis, Donald A. Weissman,* for appellant.

*Thomas F. Jones,* for appellee.

DEEN, Presiding Judge.

1. We are not concerned with the fact that the pleading designated a motion to set aside is not based on a nonamendable defect appearing of record for two reasons. First, since it was filed within 30 days of the judgment it could in effect be treated as a motion for new trial under Code § 81A-160 (c). Secondly, under the amendment to Code § 81A-160 (d) (Ga. L. 1974, p. 1138) a motion to set aside a judgment may be "based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record or pleadings." Lack of jurisdiction of the person usually arises from one of two defects: invalidity of service or faulty venue. 18 Encyclopedia of Georgia Law 619, Jurisdiction, § 5. Either may or may not appear on the face of the record; for purposes of a motion in arrest of judgment it does not now matter which situation obtains. Accordingly, the first three reasons given by the trial court for denying this motion would not be adequate.

2. One who, being properly served, wishes to rely on the defense of lack of venue, must bring it to the attention of the court at a proper time or the defense is waived. "Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense." *Aiken v. Bynum,* 128 Ga. App. 212 (2) (196 SE2d 180). The amendment to Code

§ 81A-160 (d) does not give a litigant who has been served in a case and has knowledge of all the facts a right to sit idly by while a trial verdict and default judgment are entered against him and then set the whole procedure aside on a venue defense which should have been raised prior thereto. Such lack of jurisdiction of the person is thereby waived. Code § 81A-112 (h) (1). Here the defendant was personally served in Fulton County; the complaint alleged that he was a resident of Fulton County and his failure to file responsive pleadings admitted all well pleaded allegations including this one. The same result was reached under a similar state of facts in *Echols v. Dyches,* 140 Ga. App. 191 (230 SE2d 315), cert. den. See also *Williams v. Mells,* 138 Ga. App. 60 (225 SE2d 501). The situation is different from *Holloway v. Frey,* 130 Ga. App. 224 (202 SE2d 845), where the nonresident defendant, although he had physical notice of the action against him, was not legally served with process. It also differs from *Phillips v. Williams,* 137 Ga. App. 578 (224 SE2d 515), where the nonresident defendant against whom judgment was rendered was not subject to the jurisdiction of the court after a verdict in favor of his resident co-defendant. The last sentence of this opinion, which states that the amendment to Code § 81A-160 (d) prevents waiver of the defense of lack of jurisdiction under Code § 81A-112 (h) (1) is of course true under the facts of that case. It is not to be construed as a blanket statement that the amendment had the effect of repealing the waiver statute by implication.

*Judgment affirmed. Webb and Marshall, JJ., concur.*