## 58725. MORGAN v. BERRY.

SHULMAN, Judge.
Plaintiff brought suit against defendant in tort. Although defendant did not file an answer to plaintiff's complaint, defendant filed a motion to dismiss the complaint, asserting that it failed to properly allege venue. Defendant's motion was denied by the trial court, which entered default judgment against defendant. It is from that judgment that defendant sought relief in the form of a motion to set aside, under Code Ann. § 81A-160 (d), made within 30 days of the entry of the default (see Code Ann. § 81A-160 (c)). We reverse the trial court's judgment refusing to set aside the default.

Plaintiff's complaint failed to assert that defendant was a resident of Fulton County (the county in which suit was brought), which assertion in the within case was essential to the establishment of the court's venue over the defendant. Code Ann. § 3-201.

Since defendant properly raised the defense of improper venue (see Code Ann. § 81A-112 (h)) at the appropriate time, and filed a motion within 30 days of the judgment contesting that determination, his defense of lack of venue was not waived by the fact that the case was allowed to go to default judgment. Compare *Allen v. Alston,* 141 Ga. App. 572 (234 SE2d 152); *Hatfield v. Leland,* 143 Ga. App. 528 (239 SE2d 169).

Thus, since plaintiff failed to comply with the requirements of § 81A-108 (a) (1) (which required facts upon which the court's venue depends to be set forth in the complaint), and since defendant did not waive his right to challenge the court's venue (compare *Allen,* supra), the trial court erroneously denied his motion to set aside for lack of jurisdiction. See, e.g., *Phillips v. Williams,* 137 Ga. App. 578 (224 SE2d 515).

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED NOVEMBER 30, 1979.

*David N. Levine,* for appellant.
*Raborn L. Davis,* for appellee.