### 60928. COTTON v. RUCK.

SOGNIER, Judge.

Ruck filed suit against appellant Cotton in the State Court of Fulton County, alleging that Cotton had defaulted on a note. The note was executed in Fulton County; although Cotton was not a resident of Fulton County, he was personally served in Fulton County. Cotton failed to file an answer and a default judgment was entered against him. Cotton's motion to set aside the judgment was denied. Cotton appeals and we affirm.

Appellant's motion to set aside pursuant to Code Ann. § 81A-160 (d) was brought on the ground that a non-amendable defect appears on the face of the pleading because the complaint failed to properly allege appellant's residence in Fulton County. Appellant's contention of failure of personal jurisdiction is based on lack of venue. However, appellant did not raise this defense in his responsive pleadings or by motion to dismiss, as required by Code Ann. § 81A-112 (h). "One who, being properly served, wishes to rely on the defense of lack of venue, must bring it to the attention of the court at a proper time or the defense is waived. 'Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense' *Aiken v. Bynum,* 128 Ga. App. 212 (2) (196 SE2d 180)." *Allen v. Alston,* 141 Ga. App. 572, 573 (234 SE2d 152) (1977).

Appellant's reliance on *Morgan v. Berry,* 152 Ga. App. 623 (263 SE2d 508) (1979), is misplaced. In that case the denial of appellant's motion to set aside was reversed. However, the appellant in *Morgan* had properly raised the defense of lack of venue by a motion to dismiss prior to default. Such is not the case here and the motion to

set aside was properly denied.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 23, 1981 —
REHEARING DENIED MARCH 9, 1981 —

*David D. Blum,* for appellant.
*J. Houston Lennard,* for appellee.