## 65975. BOULDIN v. CONTRAN CORPORATION.

SOGNIER, Judge.

Appellant, Jay Bouldin, brought suit seeking a temporary restraining order against foreclosure proceedings instituted by appellee, Contran Corporation. When Contran failed to file responsive pleadings, the suit fell into default and the trial court denied Contran's motion to open the default. However, the trial court later granted Contran's motion to dismiss for improper venue. From this order Bouldin appeals.

Appellant contends that appellee waived its defense of lack of personal jurisdiction due to improper venue when it failed to raise the issue by motion or in its responsive pleadings as required by OCGA § 9-11-12 (h) (Code Ann. § 81A-112). Appellee asserts that the question is moot because appellant, seeking only injunctive relief, had failed to obtain a protective order during the pendency of this appeal, and the property has since been foreclosed. While recognizing that an appeal may be moot if the sole relief prayed for is an injunction and the reason for that injunction no longer exists, *Howard v. Smith,* 226 Ga. 850 (178 SE2d 159) (1970), an examination of the record discloses that appellant sought not only injunctive relief but also actual and exemplary damages for false and malicious foreclosure. "Having recognized that the bar of mootness is no longer as absolute as it once was, we deem it advisable to proceed case by case." *Faulkner v. Ga. Power Co.,* 241 Ga. 618, 621 (247 SE2d 80) (1978). Since the relief prayed for by appellant exceeds mere injunctive relief, appellee's claim of mootness is inappropriate.

Appellant's sole enumeration of error is on the validity of the trial court's order dismissing the case for lack of venue. Appellee argues that the trial court's dismissal order was tantamount to the trial court vacating its earlier denial of appellee's motion to reopen the default. We find no merit in this argument and consider the case to be controlled by our decision in *Cotton v. Ruck,* 157 Ga. App. 824 (278 SE2d 693) (1981), where we stated: " 'One who, being properly served, wishes to rely on the defense of lack of venue, must bring it to the attention of the court at a proper time or the defense is waived. "Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense." [Cits.]' " Id. at 824.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 27, 1983 —
REHEARING DENIED JULY 8, 1983.

*Jay W. Bouldin,* for appellant.
*Matthias Naughton, Michael J. Kovacich,* for appellee.