69188. DIXIE CASH REGISTER COMPANY, INC. v. S. D.
LEASING, INC.
(323 SE2d 284)

BANKE, Presiding Judge.

Appellant Dixie Cash Register Company, Inc., appeals the trial court's grant of summary judgment to the appellee, S. D. Leasing, Inc., in this action to domesticate an Arkansas judgment previously obtained against the appellant. The sole alleged error is the refusal of the trial court to allow the appellant to maintain a collateral attack on the Arkansas judgment on the ground that it was procured by fraud.

The Arkansas judgment was based on a breach of contract claim. Pursuant to the contract, the appellant had assigned to the appellee certain equipment lease rights with various third parties, thereby giving the appellee the right to receive the lease payments due from the third-party lessees. In the event of a default by a third-party lessee, the appellee was entitled to reassign the lease back to the appellant and to recover from the appellant for the resulting loss. The appellee brought the Arkansas action to recover under this latter provision after several of the leases went into default. The appellant unsuccessfully defended the suit on the ground that the appellee had failed to comply with its obligation to tender back its rights under the defaulted leases. The appellant now contends that subsequent to the entry of judgment, it learned that the appellee effected some collections from the defaulting third-party lessees, thus obtaining a double recovery. The appellant further contends that the appellee concealed its intention to obtain such a result by presenting perjured testimony in the Arkansas court. *Held*:

A foreign judgment may be collaterally attacked on the ground that it was procured by fraud only if the purported fraud is "of an extrinsic nature, that is, fraud preventing one from having a real contest of the suit based on conduct or activities outside of the court proceedings themselves." *Colodny v. Dominion Mtg. &c. Trust*, 142 Ga. App. 730 (2) (236 SE2d 917) (1977). "Intrinsic" fraud, that is fraud pertaining to a matter at issue in the original action or which could have been placed in issue, cannot be raised as a basis of collateral attack on a foreign judgment. See *Crosby v. Wenzoski*, 164 Ga. App. 266 (1) (296 SE2d 162) (1982). See also *Gordon v. Gordon*, 237 Ga. 171 (1) (227 SE2d 53) (1976). It is clear that the alleged fraud in the instant case was of an "intrinsic" nature, involving contract rights which were litigated during the trial of the case in the Arkansas court.

Accordingly, the court below did not err in refusing to permit a collateral attack on the judgment. We further reject any contention that, to the extent the appellee may have collected payments from some of the third-party lessees following entry of the judgment, the judgment has been partially satisfied. Clearly, such payments, if made, were not made on behalf of the appellant nor in satisfaction of the judgment. Compare *Sun First Nat. Bank of Orlando v. Gainesville 75, Ltd.*, 155 Ga. App. 70, 73-75 (270 SE2d 293) (1980). It follows that the trial court did not err in awarding summary judgment to the appellee.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 18, 1984.

*George P. Donaldson III*, for appellant.
*Richard D. Hall*, for appellee.