73856, 73857. McDONOUGH CONTRACTORS, INC. v. MARTIN & DeLOACH PAVING & CONTRACTING COMPANY
(two cases).
(359 SE2d 200)

McMURRAY, Presiding Judge.

On July 9, 1985, plaintiff Martin & DeLoach Paving & Contracting Company filed a contract action against defendant McDonough Contractors, Inc. A default judgment was entered in the contract action on February 4, 1986. On May 16, 1986, defendant McDonough filed its motion to set aside the judgment which was denied in an order filed August 7, 1986. In Case No. 73857 defendant McDonough appeals the denial of its motion to set aside the judgment in the contract action.

On February 5, 1986, plaintiff Martin & DeLoach Paving & Construction Company ("Martin & DeLoach") filed a petition for declaratory judgment alleging that defendant City of Canton ("city") owed a sum to defendant McDonough Contractors, Inc. ("McDonough"); that the defendant city had refused to pay to plaintiff the amount of plaintiff's judgment against defendant McDonough; that plaintiff was fearful that if defendant city paid its debt to defendant McDonough that the funds would be dissipated, irreparably harming plaintiff. Plaintiff prayed that the defendant city be enjoined from paying any funds to defendant McDonough; that the defendant city be commanded to pay over the amounts owed to defendant McDonough into the registry of the superior court; that the court declare the relative rights of plaintiff and defendant McDonough to the amounts owing by defendant city; and, that upon plaintiff showing its entitlement to

damages from defendant McDonough that such sum be paid over from the registry of the court to plaintiff. By a temporary restraining order filed February 5, 1986, the defendant city was ordered to pay into the registry of the court the sums owing to defendant McDonough. On April 28, 1986, the superior court entered its order, noting that the defendant city had complied with its temporary restraining order by depositing the sum owed to defendant McDonough and discharging the defendant city as a party to the action. The court also found that defendant McDonough was in default; that plaintiff's action substantially complies in form with the procedures for attachment; and, that plaintiff "is entitled to so much of the funds held in the Registry of the Court, as were received from the [defendant] City, as are shown by the Writ of Fieri Facias, dated February 5, 1986. . . ." On May 16, 1986, defendant McDonough filed its "Claim for Money Held by the Court and Answer to Equitable Petition for Declaratory Judgment" and on May 19, 1986, filed its motion for new trial or in the alternative motion to set aside the judgment. By an order filed on August 7, 1986, the superior court denied defendant McDonough's motion for new trial, or in the alternative, motion to set aside the judgment and struck its claim for money held by the court and answer to petition for declaratory judgment. In Case No. 73856, defendant McDonough appeals from the denial of its motion for new trial or in the alternative motion to set aside judgment. *Held*:

1. In both cases on appeal, defendant McDonough contends that the superior court erred in denying its motions to set aside the default judgment entered against it, because a non-amendable defect exists on the face of the records in that plaintiff's complaints fail to allege that venue is proper in Cherokee County. See OCGA § 9-11-8 (a) (2). Defendant McDonough acknowledges the general rule that a party who, having been properly served, wishes to rely on the defense of lack of venue, must bring it to the attention of the court prior to allowing the case to go to default judgment or the defense is waived. See OCGA § 9-11-12 (h) (1). *Echols v. Dyches*, 140 Ga. App. 191 (230 SE2d 315). *Padgett Masonry &c. Co. v. Peachtree Bank &c. Co.*, 130 Ga. App. 886 (204 SE2d 807); *Bouldin v. Contran Corp.*, 167 Ga. App. 364 (306 SE2d 685); *Cotton v. Ruck*, 157 Ga. App. 824 (278 SE2d 693). However, defendant McDonough argues that a distinction exists based upon whether jurisdiction is alleged in the plaintiff's complaint. Of the above cases, our opinion in two of the cases notes that jurisdiction was alleged in plaintiff's complaint. But in *Bouldin v. Contran Corp.*, supra, and *Cotton v. Ruck*, supra, there is no mention of the existence of allegations of jurisdiction in plaintiff's complaint, indicating that such allegations did not contribute to the ratio decidendi of those cases. We find the above cases, particularly *Cotton v. Ruck*, 157 Ga. App. 824, supra, indistinguishable and controlling in the case sub

judice. Nor is the above-stated general rule of waiver by nonaction altered by the 1974 amendment to § 60 (d) of the Civil Practice Act, now OCGA § 9-11-60 (d). *Vanguard Diversified v. Institutional Assoc.*, 141 Ga. App. 265 (1) (233 SE2d 247).

2. The superior court did not err in denying defendant McDonough's motion for new trial in the declaratory judgment action (Case No. 73856). As there was no verdict, or decision as to the facts, a new trial cannot be granted. *Sunn v. Mercury Marine*, 166 Ga. App. 567, 568 (305 SE2d 6).

*Judgments affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JUNE 24, 1987.

*Charles C. Black*, for appellant.
*Robert S. Stubbs II*, for appellee.