A05A0310, A05A0816. EULER-SIAC S.P.A. (CREAMAR SPA) v. DRAMA MARBLE COMPANY, INC. (two cases).

(617 SE2d 203)

BERNES, Judge.

Appellant Euler-Siac S.P.A. (Creamar Spa) ("Euler-Siac") appeals the trial court's decisions setting aside default judgments and dismissing Euler-Siac's complaints in an action on an open account and in a subsequent garnishment based on the default judgment entered in the prior action.[1] The trial court found that it lacked jurisdiction in the initial action based on a forum selection clause in which both parties agreed to the "exclusive jurisdiction of Texas courts and the application of its law." The trial court also found that because the judgment underlying the garnishment was void, the garnishment was also void. However, we find that Drama Marble Company, Inc. ("Drama Marble") failed to timely raise its defenses of lack of jurisdiction and venue based on the forum selection clause and, therefore, waived the defenses. Accordingly, we reverse the trial court's decision setting aside the default judgments and dismissing the complaints.

The record reflects that on November 27, 2001, Euler-Siac filed an action against appellee Drama Marble in Fulton County State Court seeking, inter alia, $53,930.94 as money owed on an open account. The complaint alleged in pertinent part that "Defendant is a corporate citizen of this state with its registered office in this county. Defendant is subject to the jurisdiction of this Court and venue is proper in this county." Attached and incorporated into the complaint as "Exhibit A" were several account invoices, which also included the

---

[1] Under Case No. A05A0310, this court granted Euler-Siac's application for discretionary appeal to review the trial court's order entered in the garnishment action. Under Case No. A05A0816, Euler-Siac filed a direct appeal of the trial court's order entered in the prior underlying action.

terms of the parties' agreement. The terms included a forum selection clause that specified, "Buyer and Seller consent to the exclusive jurisdiction of Texas courts and the application of its law."

Drama Marble was served with process on December 6, 2001 through its registered agent, Steven Strelzick, whose office was located in Fulton County. However, Drama Marble failed to file an answer or other responsive pleading. As such, the trial court entered a default judgment ("the underlying judgment") in favor of Euler-Siac on or about January 30, 2002.

Based upon the underlying default judgment, Euler-Siac filed a garnishment action in the Fulton County State Court under Case No. 03GR014069-J. The garnishee, Konstantinos G. Papadopoulos, was personally served with process of the garnishment action on April 29, 2003. However, Papadopoulos failed to file an answer or other responsive pleading in the garnishment action, and the trial court again entered a default judgment in favor of Euler-Siac on July 9, 2003.

In efforts to collect upon its garnishment judgment, Euler-Siac propounded post-judgment discovery to the garnishee/defendant in fi. fa. After the grant of Euler-Siac's motion to compel and the entry of a court order indicating the possible imposition of sanctions for contempt, Papadopoulos served his post-judgment discovery responses. As a result of its post-judgment collection efforts, Euler-Siac was successful in obtaining funds to satisfy part of its judgment.

Thereafter, on June 11, 2004, approximately two and a half years after the entry of the underlying default judgment and almost one year after the entry of the garnishment default judgment, Drama Marble filed motions to set aside both default judgments. For the first time in its motions, Drama Marble contended that the Fulton County State Court lacked jurisdiction to enter the underlying judgment due to the forum selection clause in the parties' invoices/agreements. Drama Marble further argued that the default judgment in the garnishment action was void because it was based on the invalid underlying judgment. A hearing on Drama Marble's motions was held, after which the trial court granted Drama Marble's motions to set aside the default judgments and dismissed both actions.

### Case No. A05A0816

1. Because forum selection clauses involve procedural rights, we apply Georgia law even though the agreement also contains a provision dictating that it be governed by the laws of Texas. *Brinson v. Martin*, 220 Ga. App. 638 (1) (a) (469 SE2d 537) (1996). Forum selection clauses, such as the one in the case at bar, in which the parties consent to the jurisdiction of a given state address not

"subject-matter jurisdiction, but rather personal jurisdiction."[2] *Bradley v. British Fitting Group*, 221 Ga. App. 621, 622 (1) (472 SE2d 146) (1996). While we have held on numerous occasions that such forum selection clauses are prima facie valid (see *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, 209 Ga. App. 585 (434 SE2d 778) (1993); *SR Business Svcs. v. Bryant*, 267 Ga. App. 591, 592 (600 SE2d 610) (2004); *Iero v. Mohawk Finishing Products*, 243 Ga. App. 670, 671 (534 SE2d 136) (2000); *Antec Corp. v. Popcorn Channel*, 225 Ga. App. 1, 2 (1) (482 SE2d 509) (1997)), such clauses are essentially no more than contractual provisions, and as such may be waived.[3] Euler-Siac waived the forum selection clause in this case when it filed the instant action in Georgia. See *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 257 (3) (381 SE2d 322) (1989) ("[A] party to a contract may waive contractual provisions for his benefit.") (citations and punctuation omitted).[4] Likewise, Drama Marble waived the clause when it failed to file an answer or motion to dismiss and allowed the entry of a default judgment. See *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 779 (4) (556 SE2d 468) (2001) (by failing to answer the complaint, defendant waived enforcement of mandatory arbitration clause).

In the absence of the forum selection clause, there is no question that Drama Marble was properly sued in the State Court of Fulton County. See OCGA § 14-2-510 (b) (1). It is undisputed that Drama Marble was incorporated in Georgia and was served with process at the office of its registered agent in Fulton County. Because Drama Marble waived enforcement of the forum selection clause, and because jurisdiction was otherwise proper in the State Court of Fulton County, the trial court erred in setting aside the default judgment.

Moreover, even in the absence of the waiver of the forum selection clause, personal jurisdiction and venue are generally defenses that

---

[2] Subject matter jurisdiction is conferred to a court by state law, and cannot be extended or divested by waiver or agreement of the parties. See OCGA § 15-1-2; *Bradley v. British Fitting Group*, 221 Ga. App. 621, 622 (1) (472 SE2d 146) (1996); *Williams v. Fuller*, 244 Ga. 846, 848 (2) (262 SE2d 135) (1979). "Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power." (Citations and punctuation omitted.) *Williams*, supra at 849 (3). See also *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 209 (1) (367 SE2d 43) (1988). The Fulton County State Court had subject matter jurisdiction over this civil action pursuant to Ga. Const. of 1983, Art. VI, Sec. I, Par. I; Art. VI, Sec. III, Par. I; Art. VI, Sec. IV, Par. I; and OCGA § 15-7-4 (a) (2).

[3] We do not agree with Drama Marble that by attaching the invoices containing the forum selection clauses, Euler-Siac admitted in judicio that jurisdiction laid only in Texas. Such attachment may reasonably be construed only as an admission that the invoices contained the clauses.

[4] The record reflects that Euler-Siac maintains an office in Texas and, thus, the selection of Texas as the proper venue in the forum selection clause was to the benefit of Euler-Siac.

may be waived if not raised at the proper time. See OCGA § 9-11-12 (h) (1) (B); *Maalouf v. Knight*, 237 Ga. App. 509, 510-511 (1), (2) (515 SE2d 650) (1999); *Hatfield v. Leland*, 143 Ga. App. 528, 529 (239 SE2d 169) (1977).[5] Although a motion to set aside judgment for lack of jurisdiction may be filed at any time pursuant to OCGA § 9-11-60 (f), a waiver of the defenses of lack of personal jurisdiction and venue occurs under OCGA § 9-11-12 (h) (1) (B) when a Georgia resident who has received service of process fails to raise these defenses at the earliest opportunity. See *Echols v. Dyches*, 140 Ga. App. 191 (1) (230 SE2d 315) (1976). See also *Williams v. Fuller*, 244 Ga. 846, 850 (4) (262 SE2d 135) (1979); *Cotton v. Ruck*, 157 Ga. App. 824 (278 SE2d 693) (1981); *Allen v. Alston*, 141 Ga. App. 572, 574 (2) (234 SE2d 152) (1977).[6] "One who, being properly served, wishes to rely on the defense of lack of venue, must bring it to the attention of the court at a proper time or the defense is waived. Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense." (Citations and punctuation omitted.) *Cotton*, supra.

> [OCGA § 9-11-60 (d)] does not give a [Georgia resident] who has been served in a case and has knowledge of all the facts a right to sit idly by while a trial verdict and default judgment are entered against him and then set the whole procedure aside on a venue defense which should have been raised prior thereto. Such lack of jurisdiction of the person is thereby waived.

*Allen*, supra at 573-574 (2). See also *McDonough Contractors v. Martin & DeLoach Paving & Contracting Co.*, 183 Ga. App. 428, 429

---

[5] "Jurisdiction of the person is the power of a court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such a case, and is obtained by . . . serving the proper process in the manner required by law on persons or parties subject to be sued in a particular action." (Citations and punctuation omitted.) *Williams*, supra at 849 (3). "[V]enue means the place of trial." Id.

[6] We note that there is a distinction between waiver of the defenses of personal jurisdiction and venue by a Georgia resident defendant as opposed to a nonresident defendant. We have held that a nonresident cannot be forced to come into a foreign state to defend against a claim or to contest jurisdiction unless it has engaged in some act by which it avails itself of the benefits and protections of that jurisdiction's laws. Accordingly, a nonresident served in an action under Georgia's Long Arm Statute does not waive the lack of personal jurisdiction defense by not answering the complaint. See *B & D Fabricators v. D. H. Blair Investment Banking Corp.*, 220 Ga. App. 373 (1) (a) (469 SE2d 683) (1996); *Hoesch America, Inc. v. Dai Yang Metal Co.*, 217 Ga. App. 845 (1) (459 SE2d 187) (1995). However, the notions of due process and fair play are not offended by requiring a Georgia resident to defend against a lawsuit in its own resident state. Thus, when a Georgia resident is served with process in an action brought in a Georgia court, it must assert its defenses of personal jurisdiction and venue or they are waived. See *Allen*, supra at 573-574 (2).

(1) (359 SE2d 200) (1987). Drama Marble, a Georgia corporation, waived the defenses of lack of personal jurisdiction and venue in this case by failing to file an answer or motion to dismiss and by allowing entry of the default judgment.

### Case No. A05A0310

2. Euler-Siac also appeals from the setting aside of the default judgment in the garnishment action. "It is, of course, essential to the rendition of a judgment against the garnishee that there be a valid existing judgment between the plaintiff and defendant . . . in the prior action." (Citation omitted.) *Focht v. American Cas. Co.*, 103 Ga. App. 138, 139 (118 SE2d 737) (1961). In light of our decision that the underlying judgment was valid, we further hold that the default judgment in the garnishment action also was valid. Accordingly, we reverse the trial court's order setting aside the default judgment in the garnishment action.

*Judgments reversed. Blackburn, P. J., and Miller, J., concur.*

### DECIDED JULY 8, 2005.

*Stokes, Lazarus & Carmichael, Richard J. Joseph, Rachel Humphrey*, for appellant.
*Steven J. Strelzik*, for appellee.