**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 22, 2016**

# In the Court of Appeals of Georgia

A16A1013. MCCARTHY v. ASHMENT.

PETERSON, Judge.

Annie Ashment sought and obtained a permanent protective order enjoining her ex-husband, Joseph McCarthy, from having any contact with her or her immediate family. McCarthy filed a motion to set aside the protective order and a motion to modify it, and the trial court denied both motions. McCarthy appeals from that ruling and argues that the trial court erred in five ways: (1) the trial court lacked personal jurisdiction; (2) the protective order was procured by fraud; (3) the protective order was not supported by sufficient evidence; (4) the permanent condition that McCarthy not have contact with Ashment's immediate family prevents him from visiting his children and was thus an unauthorized modification of his parental rights; and (5) the order amounted to an unconstitutional termination of his parental rights. We affirm

the denial of McCarthy's motion to set aside the protective order because his challenges to the protective order based on lack of personal jurisdiction, fraud, and sufficiency of the evidence have either been waived or are otherwise without merit. We reverse the denial of his motion to modify the protective order, however, because the trial court lacked the authority to permanently enjoin him from visiting his children.

The record shows that Ashment and McCarthy married in 2004, had four children together, and divorced in May 2012. The entire divorce decree is not included in the record, but it appears that Ashment was granted physical custody of the children and McCarthy had visitation rights.

In September 2013, the trial court granted Ashment's petition for a family violence protective order against McCarthy. In May 2014, a Paulding County magistrate judge issued a bench warrant for McCarthy's arrest for the crime of aggravated stalking based on evidence that he was violating the protective order.

In August 2014, Ashment filed a motion for a permanent stalking order against McCarthy under the Family Violence Act in the Superior court of Paulding County.[1]

---

[1] "Family violence" is statutorily defined to include the act of stalking between persons who are parents of the same child. See OCGA § 19-13-1(2).

Ashment asked the court to extend the existing temporary protective order and make it a permanent one because McCarthy was continuing to stalk her through friends, neighbors, and church associates, which led to the May 2014 bench warrant for aggravated stalking. Ashment also alleged that McCarthy resided at an address in Acworth, Georgia, that she claimed was in Paulding County. Although there was no allegation that McCarthy was harming the children, Ashment sought sole physical and legal custody of the children and an order requiring McCarthy to stay away from her and the children.

On the same day that Ashment filed her petition for a permanent protective order, McCarthy was arrested and incarcerated in Cobb County for civil contempt related to his failure to pay child support. As a result of his incarceration, McCarthy was unable to attend the hearing on Ashment's petition for a permanent protective order, although McCarthy's mother was present for the hearing. Following the hearing, the trial court granted the permanent protective order, enjoining McCarthy from approaching within 300 yards of Ashment or her immediate family and enjoining him from any contact with her or her immediate family. The trial court did not specifically rule on Ashment's request for sole physical and legal custody of the children.

During his incarceration, McCarthy was served with the 2014 bench warrant for aggravated stalking. McCarthy paid the amounts required to dispose of the contempt order and was released on bond on the aggravated stalking charges. Following his release from jail, McCarthy filed his motion to set aside the permanent protective order, arguing that the Paulding County Superior Court lacked personal jurisdiction over him because he was a resident of Cobb County and that Ashment procured the protective order through fraud. McCarthy later filed a motion to modify the permanent protective order in an effort to remove the prohibition on contact with his minor children, and he also argued that the protective order impermissibly interfered with his parental rights. Following a hearing, the trial court denied McCarthy's motions.

1. On appeal, McCarthy first argues that the trial court erred in failing to grant his motion to set aside the permanent protective order because the Paulding County Superior Court that entered the order lacked personal jurisdiction over him. We disagree.

A trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60(d) is reviewed for abuse of discretion. *Stamey v. Policemen's Pension Fund Bd. of Trustees*, 289 Ga. 503, 504 (1) (712 SE2d 825) (2011). A motion to set aside is the

4

proper vehicle for attacking a judgment on the basis that the trial court lacked jurisdiction over the person. OCGA § 9-11-60(d)(1). But the lack of personal jurisdiction arising from the defects of invalidity of service or improper venue may be waived if such defenses are not made either by motion under OCGA § 9-11-12 or in the original responsive pleading. OCGA § 9-11-12(h)(1)(B); *Burch v. Dines*, 267 Ga. App. 459, 461 (2) (600 SE2d 374) (2004).

McCarthy's argument that the Paulding County Superior Court did not have jurisdiction over him is based on a claim that venue for the permanent protective order was in Cobb County.[2] But McCarthy received service of Ashment's motion for a permanent protective order, he filed no responsive pleading, and he conceded that he never objected to venue.[3] Because McCarthy did not raise the defense of lack of

___

[2] The Family Violence Act provides that, except for proceedings involving a nonresident respondent, "the superior court of the county where the respondent resides shall have jurisdiction over all proceedings under this article." OCGA § 19-13-2(a). Additionally, OCGA § 16-5-94, which authorizes a party to petition a court for a stalking protective order, similarly provides that jurisdiction is governed by OCGA § 19-3-2. *See* OCGA § 16-5-94(a), (b).

[3] McCarthy also admitted that he was a Paulding County resident when Ashment filed her 2013 petition for a temporary protective order, although he argued that the 2014 petition, which sought to convert the initial protective order into a permanent one, should not be treated as a continuance of the initial proceedings because it received a new case number.

personal jurisdiction or improper venue prior to the entry of the protective order, the trial court did not err in refusing to grant McCarthy's motion to set aside for lack of personal jurisdiction. *See Euler-Siac S.P.A. v. Drama Marble Co., Inc.*, 274 Ga. App. 252, 255-56 (617 SE2d 203) (2005) (a defendant cannot set aside a judgment based on lack of jurisdiction where the defendant had the opportunity to raise the defense before entry of judgment); *McDonough Contractors, Inc. v. Martin & DeLoach Paving & Contracting Co.*, 183 Ga. App. 428, 429 (1) (359 SE2d 200) (1987) (same).

2. McCarthy next argues that the trial court was required to set aside the permanent protective order because it was procured by fraud and was not supported by sufficient evidence. Specifically, McCarthy argues that Ashment lied about venue, made false allegations of stalking, and intentionally hindered him from attending the hearing.

In order to set aside a judgment based on fraud under OCGA § 9-11-60(d)(2), the movant must demonstrate that the fraud was extrinsic or collateral to the merits of the case. *Harris v. State*, 278 Ga. 280, 282 (600 SE2d 592) (2004); *Herringdine v. Nalley Equip. Leasing, Ltd.*, 238 Ga. App. 210, 216 (4) (517 SE2d 571) (1999) (physical precedent only). Fraud is extrinsic or collateral within the meaning of OCGA § 9-11-60(d)(2) when "the effect of [the fraud] prevents a party from having

6

a trial, or from presenting all of his case to the court, or which operates, not upon matters pertaining to the judgment itself, but to the manner in which it is procured." *Harris*, 278 Ga. 282. A fraud is "intrinsic" when it pertains to an issue raised or which could have been raised in the original action. *Dixie Cash Register Co., Inc. v. S.D. Leasing, Inc.*, 172 Ga. App. 424, 424 (323 SE2d 284) (1984). If the fraud was or could have been discovered and raised in the court below, a party is prevented from setting aside a judgment allegedly procured by fraud. *Id.* at 424-25; *see also Gordon v. Gordon*, 237 Ga. 171, 172 (1) (227 SE2d 53) (1976); *Herringdine*, 238 Ga. App. at 217 (4).

Here, none of McCarthy's allegations of fraud entitled him to set aside the judgment. With respect to his claim that Ashment fraudulently alleged that he lived in Paulding County, that allegation was made plain in her petition for a permanent protective order. McCarthy knew whether this allegation was true or not, and he conceded that he failed to raise the issue below. Consequently, he is not entitled to set aside the judgment now based on allegations that Ashment misrepresented his residence. *See Herringdine*, 238 Ga. App. at 217 (4) (defendant could not set aside judgment for fraud where defendant failed to exercise proper diligence to discover forgery prior to judgment); *Shepherd v. Metro. Property & Liability Ins.*, 163 Ga.

App. 650, 652 (3) (294 SE2d 638) (1982) (appellant could not set aside judgment on ground that he had known or could have discovered through reasonable diligence).

McCarthy also claimed that Ashment presented false testimony and failed to meet the elements of stalking in order to obtain the permanent protective order. The hearing on Ashment's petition for the protective order was not transcribed, however, and in the absence of a transcript or an acceptable substitute, we must assume that the evidence presented at the hearing was sufficient to support the trial court's decision to award a permanent protective order. *See Holmes v. Roberson-Holmes*, 287 Ga. 358, 361 (1) (695 SE2d 586) (2010); *Vaughn v. Stafford*, 306 Ga. App. 536, 537 (702 SE2d 761) (2010).

McCarthy also argues that Ashment intentionally hindered his ability to attend the hearing on her petition for a permanent protective order. McCarthy essentially argues that, had Ashment not worked to prevent his attendance at the hearing, he would have been able to refute Ashment's false allegations. But the undisputed evidence shows that McCarthy did not attend the hearing because he was incarcerated for failing to pay over $30,000 in child support. McCarthy's failure to pay — not Ashment's attempts to collect on child support he owed — was the reason McCarthy could not attend the hearing. McCarthy conceded that he never filed a motion to be

produced for the September 2014 hearing or otherwise contacted the trial court seeking a production order. McCarthy also did not file an answer to Ashment's petition for a permanent protective order. Because McCarthy's failure to attend the hearing or otherwise challenge the validity of Ashment's allegations was his own doing, he was not entitled to set aside the judgment on the basis that Ashment's allegations of continued stalking were untrue. *Ne. Atlanta Sur. Co. v. State*, 197 Ga. App. 399, 401 (398 SE2d 435) (1990) ("Relief under OCGA § 9-11-60(d)(2) may only be granted where the grounds are unmixed with the negligence or fault of the movant.") (citation omitted); *see also Granite Loan Solutions, LLC v. King*, 334 Ga. App. 305, 307 (3) (a) (779 SE2d 86) (2015) (where a judgment is entered because the defendant failed to refute the allegations in the complaint by failing to file an answer, a trial court does not err in refusing to set aside the resulting judgment).

3. McCarthy argues that the trial court erred by failing to set aside the permanent protective order on the basis that it prohibited him from contacting his children. Alternatively, he argues that the trial court erred by failing to modify the order to exclude his children from its dictates. He argues that the protective order effectively modified custody such that Ashment would have permanent custody of the children and he would be permanently enjoined from visiting them, and further argues

9

that such a modification amounted to an unconstitutional termination of his parental rights. McCarthy is at least partially correct.

The permanent protective order expressly states that McCarthy is enjoined from contacting Ashment's "immediate family." There is no dispute that Ashment's immediate family includes McCarthy's children. Indeed, prohibiting McCarthy from having any contact with the children is precisely the relief that Ashment requested when she asked the trial court to award her sole legal and physical custody of the children and to require McCarthy to stay away from her and the children. But in the context of this case, the trial court lacked authority to permanently enjoin McCarthy from having contact with his children.

In granting any protective order, the trial court is authorized to "award temporary custody of minor children and establish temporary visitation rights." OCGA § 19-13-4(a)(4). In *Chatman v. Palmer*, 328 Ga. App. 222, 226 (1) (761 SE2d 616) (2014), we relied on the plain text of subsection (a)(4), providing for temporary changes to custody and visitation, and concluded that the trial court erred when granting the petitioner permanent custody of the children when awarding a permanent protective order. Because a trial court considering a request for a protective order has the authority to change custody and visitation only temporarily, the trial court erred

10

in this case by entering a protective order that permanently enjoined McCarthy from having any contact with his children.

Ashment does not attempt to defend the trial court's action, but argues that McCarthy waived the issue because he later withdrew the motion in which he first asserted this argument. But although McCarthy withdrew that motion, he also filed a separate motion to modify raising the same challenges and presented argument and evidence to support his request at the hearing on his motion. Ashment does not address this in her brief. Thus, McCarthy preserved the issue.

Ashment also argues that, in order to modify the protective order, McCarthy had to establish a change in conditions. The trial court concluded this as well and denied McCarthy's motion to modify on this basis. But the court's conclusion was wrong, because it was based on an assumption that it had the authority under OCGA § 19-13-4 to enter the permanent injunction regarding McCarthy's children in the first place. That assumption was wrong. McCarthy had existing visitation rights. There was no allegation that he posed any threat to his children. The trial court lacked authority in this posture to end permanently McCarthy's visitation rights under OCGA § 19-13-4, and it erred by failing to modify its protective order to allow McCarthy to exercise his visitation rights.

11

Accordingly, we affirm the denial of McCarthy's motion to set aside the permanent protective order, and reverse the denial of his motion to modify the order to remove his children as protected parties. Based on this determination, we need not address McCarthy's other arguments.

*Judgment affirmed in part and reversed in part. Phipps, P. J., and Dillard, J., concur.*