# Court of Appeals
# of the State of Georgia

ATLANTA,  September 22, 2021

*The Court of Appeals hereby passes the following order:*

**A22D0034. JOSEPH B. MCCARTHY v. ANNIE J. ASHMENT.**

Joseph B. McCarthy and Annie J. Ashment divorced in 2012.[1] The divorce decree awarded primary physical custody of their children to Ashment and gave visitation to McCarthy.  In the instant case, McCarthy concurrently filed  in Cobb County Superior Court a petition for citation of contempt against Ashment and an emergency motion for temporary relief, both based on alleged violations of the parenting plan. Ashment filed a motion to transfer venue. The trial court held an emergency hearing on McCarthy's emergency motion for temporary relief and denied the motion, finding that there appeared to be no intentional acts of hindrance of McCarthy's visitation with the children by Ashment. The court also awarded attorney fees to Ashment under OCGA §§ 9-15-14 and 19-6-2. In a separate order, the court transferred the contempt case to Fayette County Superior Court, where Ashment had filed a motion for modification of visitation that was still pending.

McCarthy then filed a petition for certificate of immediate review in Cobb County Superior Court, seeking review of the denial of the emergency motion for temporary relief, the attorney fee award, and the transfer order. However, McCarthy has not submitted a certificate of immediate review or any evidence that the court issued such a certificate. McCarthy then filed the instant application for discretionary

---

[1] McCarthy, who is pro se, has been "particularly litigious" following the divorce. *McCarthy v. Ashment*, 353 Ga. App. 270, 270 (835 SE2d 745) (2019); see *McCarthy v. Ashment-McCarthy*, 295 Ga. 231 (758 SE2d 306) (2014); *McCarthy v. Ashment*, 338 Ga. App. 858 (790 SE2d 651) (2016).

review of the same three rulings.[2] We lack jurisdiction.

The rulings McCarthy seeks to appeal are not directly appealable pursuant to OCGA § 5-6-34 (a), and he did not follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). All final judgments, where the case is no longer pending in the court below, are generally appealable, except those subject to the discretionary appeal procedure. OCGA § 5-6-34 (a) (1). "All judgments involving . . . contempt cases" are also generally appealable, as are "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." OCGA § 5-6-34 (a) (2), (11).

The denial of McCarthy's emergency motion for temporary relief was not a final order or a judgment involving a contempt case, as the court did not rule on the contempt petition, which remains pending below. The trial court's order also did not award, refuse to change, or modify child custody; it likewise did not hold or decline to hold a person in contempt of a child custody ruling. Thus, the denial of McCarthy's emergency motion for temporary relief is not directly appealable pursuant to OCGA § 5-6-34 (a). He was required to follow the interlocutory application procedure set forth in § 5-6-34 (b), which includes obtaining a certificate of immediate review from the trial court. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996).

Likewise, McCarthy was required to follow the interlocutory application procedure to appeal the transfer of the contempt proceeding to a different venue. *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010) ("A trial court's ruling on the issue of removal or transfer of venue is not a directly appealable final judgment under OCGA § 5-6-34 (a) (1), and thus, it is subject to the procedures governing interlocutory appeals.").

The same is true of the attorney fee award. Generally, an application for discretionary appeal is required for appellate review of an award of attorney fees or

---

[2] This Court granted McCarthy three extensions of time to file the instant application. Case No. A22E0003 (July 30, 2021); Case No. A22E0006 (August 17, 2021); Case No. A22E0008 (August 30, 2021).

litigation expenses under OCGA § 9-15-14. See also OCGA § 5-6-35 (a) (10). However, where, as here, the action remains pending below and the order is a non-final order that does not resolve all issues in the action, the appellant is required to follow the interlocutory appeal procedure set forth in § 5-6-34 (b) to challenge the fee award. See generally *Bailey*, 266 Ga. at 832-833 (party seeking appellate review from an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute); see also *Eidson v. Croutch*, 337 Ga. App. 542, 543-545 (788 SE2d 129) (2016) (where attorney fees order is issued prior to final judgment, party seeking appellate review must follow interlocutory appeal requirements). McCarthy was therefore required to follow the interlocutory appeal procedure regarding the attorney fee award.

McCarthy's failure to comply with the interlocutory appeal requirements of OCGA § 5-6-34 (b) deprives this Court of jurisdiction over the appeal. Accordingly, this discretionary application is DISMISSED. See *Bailey*, 266 Ga. at 833.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__09/22/2021_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.