A00A2462. US PROFESSIONALS, LLC v. DIRECTLINK INDIA (P) LIMITED et al.
(545 SE2d 95)

BARNES, Judge.

Directlink India (P) Limited ("Directlink") sued US Professionals, LLC ("US Professionals") for money owed on a commercial contract account. US Professionals filed a timely answer that raised the defense of improper venue and simultaneously moved to dismiss the complaint based upon improper venue. After these pleadings were filed, the trial court approved the withdrawal request of US Professionals' counsel. Before withdrawing, US Professionals' counsel pro-

---

vided the trial court with an address and telephone number for US Professionals in Memphis, Tennessee.

Subsequently, the trial court notified US Professionals by mail that the case was set for a nonjury trial on June 8, 2000. When US Professionals failed to appear for trial, the trial court entered a judgment against it in the amount of $66,579.31 and dismissed its counterclaim. The trial court's written order and judgment makes no mention of any ruling on US Professionals' motion to dismiss based upon improper venue.[1] US Professionals appeals, asserting the trial court erred by entering a judgment against it without first ruling on the motion to dismiss and that it also erred in its calculation and award of damages to Directlink.

1. Because the record does not show that the trial court ruled on or otherwise disposed of US Professionals' timely motion to dismiss for improper venue,[2] and it would be error for the trial court to enter a judgment against US Professionals without having done so, we must vacate the trial court's order and judgment and remand this case to the trial court for proceedings not inconsistent with this opinion. See *Morgan v. Berry*, 152 Ga. App. 623, 624 (263 SE2d 508) (1979) (properly raised venue defense "not waived by the fact that the case was allowed to go to default judgment"); *Williams v. Willis*, 204 Ga. App. 328, 330 (419 SE2d 139) (1992) (trial court erred by ruling on motion for summary judgment before ruling on properly raised motion to transfer based upon improper venue).

2. Our holding in Division 1 of this opinion renders appellant's remaining enumerations of error moot.

*Judgment vacated and case remanded with direction. Blackburn, C. J., and Eldridge, J., concur.*

DECIDED JANUARY 24, 2001.

*Olim & Loeb, Jay E. Loeb,* for appellant.

---

[1] Directlink contends the trial court struck US Professionals' answer, counterclaim, and motion to dismiss as a result of its failure to appear for trial. However, the record before us contains no transcript of the proceedings before the trial court on June 8, 2000, and the trial court's written order does not include any such ruling.

[2] OCGA § 9-11-12 (b) provides in pertinent part:
Every defense . . . to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion in writing: . . . (3) Improper venue. . . . A motion making any of these defenses shall be made before or at the time of pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.

*Lackland & Heyward, Theodore H. Lackland, Kyle S. Kotake,* for appellees.