**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 18, 2016**

# In the Court of Appeals of Georgia

A16A2161. CENTRAL MUTUAL INSURANCE COMPANY. v. KICKLIGHTER et al.

PETERSON, Judge.

Leslie and Kathy Kicklighter's house burned down. Central Mutual Insurance Company, with whom they had a homeowners' insurance policy, paid them several hundred thousand dollars under the policy. The Kicklighters contended they were owed still more; when Central Mutual did not pay, the Kicklighters sued them for bad faith. Central Mutual responded to the lawsuit by filing a motion to dismiss, but not an answer. So far, so good for the Kicklighters. But then the Kicklighters' counsel obtained an ex parte default judgment against Central Mutual, and then intentionally withheld the judgment from Central Mutual until the time to appeal or file a motion to reconsider had run. We cannot allow conduct of this sort to stand, and so we

reverse the order of the trial court denying Central Mutual's understandably belated motion to set aside.

We review a trial court's refusal to set aside a default judgment for an abuse of discretion, but review questions of law de novo. *See Hutcheson v. Elizabeth Brennan Antiques & Interiors, Inc.*, 317 Ga. App. 123, 125 (730 SE2d 514) (2012).

The record evidence, which is largely undisputed, shows that on October 16, 2015, the Kicklighters filed suit against Central Mutual after it allegedly refused to provide full coverage for a fire loss under the Kicklighters' homeowners' insurance policy. The Kicklighters sought to recover the additional amounts allegedly owed under the policy, attorneys' fees, and bad faith damages. On November 20, Central Mutual filed a motion to dismiss the complaint, asserting that it made a partial payment of $441,000 under the policy and denying that it acted in bad faith in refusing to pay the entirety of the Kicklighters' fire loss claim because coverage issues remained unsettled and the Kicklighters never made any demand for immediate payment of the entire policy limits.

On December 16, 2015, the trial court held a meeting with the Kicklighters' counsel and signed an order entering a default judgment of $124,660 plus interest for the Kicklighters. Central Mutual was not given notice of the hearing and therefore did

not attend. In its default judgment order, the trial court ruled that Central Mutual's motion to dismiss could not be construed as an answer, Central Mutual was therefore in default, and Central Mutual failed to open the default.

The trial court did not provide a copy of the default judgment to Central Mutual, and despite intervening communications with Central Mutual, the Kicklighters' counsel made no mention of it either. Instead, the Kicklighters' counsel deliberately withheld the default judgment from Central Mutual until February 1, 2016, when the Kicklighters made a demand of payment of the judgment. By this time, the 30-day period for filing a notice of appeal from the order had expired and the term of the court had ended. OCGA § 15-6-3(30)(A) (the court terms for the Superior Court of Bulloch County begin on the first Mondays in February, May, August, and November). At oral argument, the Kicklighters' counsel acknowledged that he delayed notice, at least in part, for the purpose of ensuring that Central Mutual could not appeal.

Soon after receiving notice of the default judgment, Central Mutual moved to set aside the judgment. Central Mutual argued that the judgment should be set aside because its motion to dismiss was a responsive pleading that could be construed as an answer so as to preclude default; the entry of default judgment was improper

3

where a dispositive motion is pending; it was not given notice that the court would enter a default judgment; and the Kicklighters' counsel acted in bad faith in failing to provide prompt notice of the default judgment. The trial court held a hearing on Central Mutual's motion to set aside, during which the following colloquy occurred between the trial court and the Kicklighters' counsel (John B. Manly and Bobby T. Jones):

> Court: Do you recall when we had the meeting in the — in the law library and I did — I signed the order. Do you remember what I told you? I told you to make sure that the opposing side got a copy.
>
> Manly: That's correct.
>
> Court: I did say that. Correct?
>
> Manly: I don't remember exactly, but it doesn't surprise me.
>
> Court: I did. I did.
>
> Manly: And we served a copy, Your Honor, in accordance with —
>
> Court: Yes. When did you serve a copy?
>
> Manly: I believe the date was February 1st or 2nd.

4

Court: And when did I sign the order?

Manly: I think it was December 17th, if I recall.

Court: And why did you wait that long?

Manly: Because of the term of court and because this case *Winslet v. Guthrie*[, 326 Ga. App. 747 (755 SE2d 287) (2014),] allows us to wait until the new term of court because of his failure to file an answer and his negligence in not filing an answer absolves our responsibility of having to serve him with that.

. . .

Court: [T]he only thing that bothers me is I specifically told you folks to make sure they got a copy and I think that somewhat — if the case says that, the case says that. But it was my clear impression that I had informed you to give them notice and my impression or my belief was that the notice would be forthcoming and not delayed. Okay.

Manley: Yes, sir.

Jones: May I address that?

Court: Why?

Jones: Because, Judge, I've been before you decades now . . . As you know, I've known you almost forty years.

Court: We have.

Jones: I can assure you, Judge, and I think my experience will bear this out, if you had told us and if you did tell us, I'm not denying what you said. I don't recall it, but if — we have never, and I personally in my dealings with this Court and all other courts, have never not done as instructed by a court even when I disagreed with it. So I want you to understand that I didn't —

Court: Oh, I didn't say today. I didn't say tomorrow. I just said give them notice.

Jones: I understand. And we did, Judge, but whatever you told us I promise you I did my best and always will, including today, comply with the Court's directions and instructions. I just don't want the Court having any belief of anything otherwise.

Court: That's fine.

Jones: And, I mean, my reputation with the Court is more important than any one single case. Whatever the Court — the Court has the authority to rule and it's the (inaudible) of the lawyers and parties to comply with the Court's rulings and I just want you to understand that that's always been my position and is today and will always be. Following the

hearing, the trial court denied the motion without explanation, and we granted Central Mutual's application for discretionary review.

On appeal, Central Mutual argues that the trial court erred in denying its motion to set aside the default judgment because Central Mutual filed a motion to dismiss that the court should have construed as an answer, the court held an ex parte hearing when denying the motion to dismiss and granting default judgment to the Kicklighters, and plaintiffs' counsel deliberately delayed providing Central Mutual notice of the order granting default judgment until the time frame for filing a notice of appeal had expired and the term of the court had ended. We agree that (1) Central Mutual was entitled to notice that the court would hold a hearing in which it would consider whether Central Mutual's motion to dismiss constituted an answer, and (2) that the court erred in entering default judgment without first disposing of Central Mutual's pending motion. Therefore, we reverse the denial of its motion to set aside the default judgment.

A motion to set aside may be brought on several grounds, including when a nonamendable defect appears on the face of the record or pleadings. OCGA § 9-11-60(d)(3). "In cases involving a default judgment, this type of defect arises where the record shows on its face that the default was entered on an improper basis." *Hiner*

7

*Transp., Inc. v. Jeter*, 293 Ga. App. 704, 705 (667 SE2d 919) (2008) (*citing Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 244) (2006)) (punctuation omitted). The record shows that the trial court entered the default on an improper basis and, therefore, should have granted Central Mutual's motion to set aside.

"[U]nder the [Civil Practice Act] a party is to be given notice and the opportunity to amend defective pleadings where such notice will facilitate [a] decision on the merits. The [Civil Practice Act] does not penalize a party irrevocably for one misstep in pleading." *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 515 (250 SE2d 424) (1978). If the defendant timely files a document responding to the complaint that could be construed as an answer, a trial court may not hold an ex parte hearing disposing of the filing; it must provide notice to the defendant that the court will rule on the sufficiency of its filing as an answer. *See Brown v. Brown*, 217 Ga. App. 245, 246-47 (457 SE2d 215) (1995) (regardless of whether defendant's letter was sufficient as an answer, it was properly before the trial court and could not be disposed of in an ex parte proceeding without notice thereof to the defendant); *cf. Livesay v. King*, 129 Ga. App. 751, 751 (201 SE2d 178) (1973) ("The rule of fair play suggests at the outset that one who moves the court to change the status of a pending matter . . . should serve the opposite party with a copy of the

8

motion and of a rule nisi which the court should enter thereon, thus affording to the opposite party a fair opportunity to object or to defend against the proposed action."). And it is reversible error for the trial court to enter default judgment where a dispositive motion is pending. *See US Professionals, LLC v. Directlink India (P) Ltd.*, 247 Ga. App. 679, 680 (1) (545 SE2d 95) (2001) (although defendant failed to appear for trial, it was error to enter judgment against the defendant when the court failed to dispose of the defendant's motion to dismiss for improper venue); *Williams v. Coca-Cola Co.*, 158 Ga. App. 139, 140 (2) (279 SE2d 261) (1981) (it is harmful error to enter default judgment without ruling on a motion to dismiss or, alternatively, a motion for summary judgment that was filed within the time permitted to file an answer).

Here, the trial court held an ex parte hearing with the Kicklighters' counsel in a law library before signing the default judgment order in which it deemed Central Mutual's motion to dismiss an insufficient answer. The failure to give Central Mutual notice that the issue of the sufficiency of the answer would be heard requires the grant of Central Mutual's motion to be set aside. *See Brown*, 217 Ga. App. at 247. Moreover, Central Mutual provided evidence outside of the pleadings in support of its motion to dismiss to argue that it was entitled to a judgment on the merits. This

9

was a dispositive motion that the trial court was required to dispose of before entering default judgment, and it committed reversible error in failing to do so. *See US Professionals*, 247 Ga. App. at 680 (1); *Williams*, 158 Ga. App. at 140 (2). Because we reverse on these grounds, it is unnecessary to consider Central Mutual's arguments that the trial court should have set aside the default judgment because Central Mutual's motion to dismiss constituted an answer, or because the Kicklighters' counsel intentionally withheld providing notice of the judgment to prejudice Central Mutual.[1] Accordingly, we reverse.

*Judgment reversed. Phipps, P. J., and Dillard, J., concur*.

---

[1] We note, however, that the Kicklighters' counsel misconstrued *Winslett* when arguing at the motion to set aside hearing that there was no duty to inform Central Mutual of the default judgment. In *Winslett*, we concluded that the trial court had no responsibility to give notice of a default judgment when the defendant waived the right to receive future notices, like the entry of the default judgment, by failing to file any pleadings. 326 Ga. App. at 751-52 (4) (*citing* OCGA § 9-11-5(a)). Here, Central Mutual filed a motion to dismiss, and so *Winslett* does not apply.