**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 10, 2019**

# In the Court of Appeals of Georgia

A18A1723. ANGLIN v. STATE FARM FIRE & CASUALTY
INSURANCE COMPANY.

REESE, Judge.

Johnny S. Anglin ("the Appellant") appeals from the denial of his motion to set aside the trial court's entry of default judgment against him in an action for property damage initiated by State Farm Fire & Casualty Company (the "Appellee") as the subrogee of Barry L. Richman.[1] For the reasons set forth infra, we reverse.

"We review a trial court's refusal to set aside a default judgment for an abuse of discretion, but review questions of law de novo."[2] So viewed, the record shows that the Appellee initiated the instant action on May 18, 2015, when it filed a complaint

---

[1] This Court granted the Appellant's application for discretionary review. See OCGA § 5-6-35 (a) (8).

[2] *Central Mut. Ins. Co. v. Kicklighter*, 339 Ga. App. 658 (794 SE2d 258) (2016) (citation omitted).

for negligence naming a single defendant, Richard Turnbull ("Turnbull"). Specifically, the Appellee alleged that Turnbull negligently caused damage to the real property of the Appellee's insured in the amount of $11,692.92. The summons was directed solely to Turnbull. On December 14, 2015, the Appellee filed an amended complaint naming the Appellant as an additional defendant. The Sheriff's entry of service stated that the Appellant had been personally served with a copy of the summons and complaint, as well as initial discovery requests, on May 6, 2016.

On March 31, 2017, the Appellee moved for entry of default judgment as to the Appellant, alleging that the Appellant had failed to make an appearance or file any responsive pleadings in the action despite being properly served with a copy of the summons and complaint. In a supporting affidavit, the Appellee's attorney averred that "the Defendant(s)" had been served with a copy of the complaint on May 26, 2015. The affidavit referenced the Sheriff's Entry of Service, dated May 6, 2016. On April 10, 2017, the trial court entered a default judgment as to the Appellant, and in a separate order dismissed Turnbull with prejudice from the suit.

The Appellant filed a motion seeking to set aside the default judgment, arguing that the Appellee failed to properly serve him in accordance with OCGA § 9-11-4 because he was not served with a summons addressed to him in the action. The

2

Appellant asserted that, as a result, he was not required to respond to the Appellee's amended complaint, pursuant to OCGA §§ 9-11-8 and 9-11-15, and a nonamendable defect existed because the default judgment was entered on "an improper basis."

Following a hearing, the trial court denied the Appellant's motion to set aside the default judgment. This appeal followed.[3]

A trial court is authorized to set aside a judgment based upon:

> (1) Lack of jurisdiction over the person or the subject matter;
> (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or
> (3) A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.[4]

Further, it is well settled that,

> [u]nder Georgia law, when the defense of lack of personal jurisdiction due to defective service is raised by way of a motion to set aside the judgment, the trial court sits as the trier of fact. Our standard of review

---

[3] The Appellee did not file an appellate brief.

[4] OCGA § 9-11-60 (d).

in this regard is the any evidence rule, and absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a judgment.[5]

With these guiding principles in mind, we turn now to the Appellant's specific claims of error.

1. The Appellant argues that, because he was not properly served under OCGA § 9-11-4, the trial court lacked personal jurisdiction over him and erred in granting default judgment to the Appellee. We agree.

"A suit commences only after the filing of a petition and the proper service of process upon the defendant as required and authorized by law."[6] Pursuant to OCGA § 9-11-4 (b):

> The summons shall . . . contain the name of the court and county and the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address; and state the time within which this chapter requires the defendant to appear and file appropriate defensive pleadings with the

---

[5] *Stokes & Clinton, P.C. v. Noble Systems Corp.*, 318 Ga. App. 497, 498 (734 SE2d 253) (2012) (punctuation and footnote omitted).

[6] *Thorburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999) (citations omitted); see OCGA §§ 9-11-3; 9-11-4 (c), (d), (e); *Stamps v. Bank South, N.A.*, 221 Ga. App. 406, 408 (1) (471 SE2d 323) (1996) ("Service of summons, unless waived, is required in order to inform the defendant that suit has been filed, that he must answer within a specified time, and that failure to respond will result in judgment by default.") (citations omitted).

clerk of the court, and shall notify the defendant that in case of the defendant's failure to do so judgment by default will be rendered against him or her for the relief demanded in the complaint.

It follows that proper service of process requires the defendant be served with the complaint and summons *together*.[7] In instances in which a party attempts to add a new party to a pending matter as a direct defendant, service of process must be made in the same manner as though the new party was an original defendant.[8]

> Where a defendant claims there was a failure of service, the trial court has the authority to decide as a factual matter whether service has occurred. This finding will not be disturbed as long as there is some evidence to support it. Further, when a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The process server's return of service can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.[9]

---

[7] See *Thorburn Co.*, 237 Ga. App. at 802 (1).

[8] See *CMT Investment Co. v. Automated Graphics Unlimited*, 175 Ga. App. 353, 353-354 (333 SE2d 196) (1985).

[9] *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 667-668 (1) (476 SE2d 43) (1996) (citations and punctuation omitted).

If the defendant makes such a showing, the burden shifts back to the plaintiff to show that service was proper.[10]

Generally, a return of service is prima facie evidence of the facts recited therein, but it may be rebutted by proof that such facts are untrue.[11] Such proof may include, along with other evidence to impeach the return of service, "sworn statements made on personal knowledge."[12]

The Appellant submitted an affidavit averring that he was never served with a summons naming him as a defendant or informing him that his failure to respond to the Appellee's amended complaint could subject him to the entry of a default judgment. Although the Sheriff's entry of service stated that the Appellant had been personally served with a copy of the complaint and summons, it did not indicate whether the Appellant had been served with a copy of the original or amended complaint, or whether the summons was directed to him as a named defendant.

Although the Appellee's attorney averred in an affidavit that "the Defendant(s)" had been served with a copy of the complaint on May 26, 2015, the

---

[10] See *Oglesby v. Deal*, 311 Ga. App. 622, 626 (1) (716 SE2d 749) (2011).

[11] See *Kim v. Platt,* 229 Ga. App. 92, 93 (493 SE2d 249) (1997).

[12] Id. (citations and punctuation omitted).

record shows that the Appellant was not a named defendant in the original complaint, and the affidavit did not state that the Appellant had been served with a copy of the amended complaint after December 14, 2015, when it was amended.[13] Moreover, the record does not contain a copy of a summons that named the Appellant as a defendant and was directed to the Appellant.[14]

Based on the foregoing, the record does not show that the Appellant was properly served with a copy of the summons and amended complaint. Thus, the trial court erred in denying his motion to set aside the default judgment.[15]

2. In light of our disposition in Division 1, supra, we need not address the Appellant's remaining claims of error.

*Judgment reversed. Barnes, P. J., and McMillian, J., concur.*

---

[13] See *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999) ("A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed.") (footnote omitted).

[14] See id.

[15] See *Thorburn Co.*, 237 Ga. App. at 802 (1) ("If service is never perfected and is not waived, the court does not acquire jurisdiction over the defendant and the suit is void, since the filing of a complaint without perfecting service does not constitute a pending suit.") (citations and punctuation omitted); see also *Hiner Transp., Inc. v. Jeter*, 293 Ga. App. 704, 705 (667 SE2d 919) (2008) ("Absent an order to respond, an amended complaint adding a new party defendant does not require a responsive pleading.") (punctuation and footnote omitted).