**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 21, 2022

# In the Court of Appeals of Georgia

A21A1490. RAMPERSAD v. THE PLANTATION AT BAY CREEK HOMEOWNERS ASSOCIATION, INC.
A21A1491. PATEL v. THE PLANTATION AT BAY CREEK HOMEOWNERS ASSOCIATION, INC.

PINSON, Judge.

A homeowners' association sued several property owners to recover unpaid assessments on a residential property in Loganville. In the end, the HOA won a judgment that imposed a $14,231.40 lien on the property and authorized a foreclosure to satisfy the lien. Two of the defendants, Chandani Patel and Kavita Rampersad, moved the trial court to set aside the judgment, but their motions were denied. Both now appeal. We lack jurisdiction to consider Patel's appeal because it is her second attempt to appeal the judgment, so we must dismiss it. Rampersad's appeal, by contrast, is properly before us. She contends that the judgment should be set aside

because (1) she was not properly served with the summons and complaint; (2) the trial court failed to give her proper notice of the trial date; (3) the trial court failed to notify her of the final judgment; and (4) the trial court failed to make findings of fact in denying her motion to set aside. For reasons explained below, we vacate the trial court's order to the extent it denied Rampersad's motion to set aside and remand for further consideration of whether Rampersad was properly served and properly notified of the trial date and the final judgment.

Background

The Plantation at Bay Creek Homeowners' Association sued to recover unpaid assessments on a residential property on Creek Bottom Road in Loganville, Georgia. The initial complaint named only Roshni Patel ("Roshni") and Chandani Patel ("Patel") as defendants. As the suit progressed, the HOA amended its complaint to (1) add Kavita Rampersad and three corporate defendants, all of whom had appeared in the property's recent chain of title,[1] and (2) seek additional remedies, including

[1] The HOA contends that the defendants engaged in a series of fraudulent transfers of the property in an effort to avoid liability and explains that it named all six parties as defendants to ensure that all those with any interest in the property were joined in the suit.

2

judicial foreclosure. In March 2017, after the HOA was unable to perfect service on any of the four additional defendants, the action was dismissed without prejudice.

In June 2017, the HOA sued the same six defendants a second time to recover the unpaid assessments, and it again sought damages and judicial foreclosure. Service was perfected on Roshni and the three corporate defendants, , but the HOA was not able to perfect service on Rampersad and Patel. As a result, the trial court appointed special process servers, but their service attempts were also unsuccessful. The HOA then sought to depose Roshni to get the contact information for Rampersad and Patel, but according to an affidavit submitted by the HOA's counsel, Roshni "refused to provide any information." The HOA then moved to serve Rampersad and Patel by publication, and the court granted the motion. The required notices were published in the Gwinnett Daily Post in August and September 2018.

In November 2018, Rampersad and Patel each filed an answer.[2] These answers were untimely because they were filed more than 60 days after the July 31, 2018,

---

[2] Rampersad and Patel, who at the time were apparently both living in India, claim that they learned of the lawsuit through Roshni.

order granting service by publication.[3] Rampersad and Patel also moved for a continuance of the trial, which had been placed on the trial calendar for the weeks of November 26–30 and December 3–7, 2018.[4] None of these motions were ruled on before the case was called for trial on November 26, 2018, and none of the defendants appeared at the trial. At the trial, after hearing from a single witness called by the HOA, and then from the HOA's counsel about attorney fees and costs, the court entered judgment in favor of the HOA. The final order imposed a $14,231.40 lien on the property and authorized a foreclosure on the property to satisfy the lien.

In December 2018, Rampersad moved to set aside the judgment. She challenged the sufficiency of service and claimed, among other things, that she had never received either the trial notice or a copy of the court's judgment. For her part, Patel filed a notice of appeal in January 2019. In June 2020, this Court dismissed the appeal as untimely. *Patel v. The Plantation at Bay Creek Homeowners' Association,*

---

[3] See OCGA § 9-11-4 (f) (1) (C) (requiring the published notice to "command[] [the party being served] to file with the clerk and serve upon the plaintiff's attorney an answer within 60 days of the date of the order for service by publication"); *Patel v. Patel*, 342 Ga. App. 81, 89 (2) (a) (1) (802 SE2d 871) (2017) ("A defendant has 60 days from the order of publication in which to file an answer.").

[4] Rampersad and Patel assert that they learned from Roshni that the case was set for trial on December 3, 2018, and they claim that they never received any notices from the court.

4

*Inc.*, ___ Ga. App. ___ (Case No. A20A0178, decided June 26, 2020). After that dismissal, Patel filed her own motion to set aside in the trial court. In August 2020, the trial court entered a summary order denying the motions to set aside. It does not appear that any hearing was held before the motions were denied.

On September 1, 2020, the Gwinnett County Sheriff held a foreclosure sale, at which the property was sold for $110,000. In the meantime, both Rampersad and Patel timely applied for discretionary appeal from the denial of the motions to set aside, and their applications were granted. Soon after, the HOA filed a "Motion to Compel Interpleader of Foreclosure Proceeds," noting that, on the HOA's request, the Sheriff was currently holding the funds from the foreclosure sale and asking the court to order the funds to be "held in the Court's registry pending disposition of the appeals." The motion was granted, and the buyer's cashier's check was placed in the registry of the court.

## Discussion

1. We first address the jurisdictional question whether these appeals have been rendered moot by the foreclosure sale.

Mootness is a jurisdictional question because it concerns a court's power to decide a case. Georgia's Article VI courts are vested with "[t]he judicial power of the

state." Ga. Const. Art. VI, Sec. I, Par. I. As traditionally understood, that power allows courts to decide cases: "live disputes" between adverse parties, *In the Interest of I.B.*, 219 Ga. App. 268, 269–70 (464 SE2d 865) (1995), in which one party has asserted an injury in fact that was caused by the other and that can be redressed by a favorable decision. *Sons of Confederate Veterans v. Newton Cnty. Bd. of Comm'rs*, 360 Ga. App. 798, 803–04 (2) (861 SE2d 653) (2021). A claim of mootness is a claim that, for one reason or another, the asserted injury can no longer be redressed by a favorable decision. See, e.g., *Georgia Dep't of Nat. Res. v. Ctr. for a Sustainable Coast, Inc.*, 294 Ga. 593, 595 (1) (755 SE2d 184) (2014) (explaining that a case is moot "[w]hen the remedy sought in the trial court is no longer available," as when "the thing sought to be enjoined in fact takes place"). So, at bottom, a case that is moot is not a case within the reach of the judicial power. See *In the Interest of I.B.*, 219 Ga. App. at 269; see also *In the Interest of M. F.*, 305 Ga. 820, 821 (828 SE2d 350) (2019) ("Dismissal of moot cases is mandatory."); *Collins*, 270 Ga. at 121 (508 SE2d 653) (1998). And so we address mootness, like other jurisdictional questions, before reaching the merits. *Barrow v. Raffensperger*, 308 Ga. 660, 666 (2) (b) (842 SE2d 884) (2020).

6

Turning to that question here, we conclude that these appeals are not moot. A case becomes moot on appeal if the appellants can no longer get their desired relief, and so a favorable decision on appeal would "be of no benefit" to them. *Inserection v. City of Marietta*, 278 Ga. 170, 171 (1) (598 SE2d 452) (2004); see also *State v. Green*, 331 Ga. App. 107, 111 (769 SE2d 804) (2015). That is ordinarily the result when a party appeals to prevent foreclosure, but the foreclosure sale is completed before the appeal can be resolved. See, e.g., *Cotton v. First Nat'l Bank of Gwinnett County*, 235 Ga. 511, 511 (220 SE2d 132) (1975); *Goodrich v. Bank of America, N.A.*, 329 Ga. App. 41, 43 (762 SE2d 628) (2014). But this case is different, because this foreclosure sale can still be cleanly unwound: the cashier's check tendered by the buyer at the foreclosure sale is being held in the trial court's registry, and there is no evidence that title to the property has changed hands. Given these circumstances, it is still possible for the appellants here to benefit from a favorable decision on appeal. If we conclude that the trial court erred in entering its judgment imposing the lien on their property and authorizing foreclosure, the trial court could unwind those actions (by ordering the funds returned to the purchaser), which is ultimately the result Rampersad and Patel seek. The HOA has offered no evidence or argument to the

contrary. In short, because a favorable decision on appeal could still help Rampersad and Patel protect their asserted rights in the property, these appeals are not moot.

2. Although Patel's appeal is not moot, it still must be dismissed for a different reason: she has already litigated an appeal from the judgment below. "[A] party is not entitled to a second appeal from a single order." *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) (punctuation omitted). This holds true even if the first appeal was dismissed without consideration of its merits, see *Edwards v. City of Warner Robins*, 302 Ga. 381, 385 (2) (807 SE2d 438) (2017) (appellant barred from appealing same order in later appeal after first appeal was dismissed for failure to follow discretionary appeal procedures), and that includes when, as here, the initial appeal was dismissed as untimely. See *Houston County v. Harrell*, 287 Ga. 162, 163–164 (695 SE2d 29) (2010). Even though Patel contends that she did not receive proper notice of the judgment, her decision to pursue an untimely appeal earlier—rather than moving to have the judgment set aside, as Rampersad did—forecloses this second effort to seek appellate review now. See id.

3. Rampersad's appeal, by contrast, is properly before us. We review the denial of a motion to set aside a judgment for abuse of discretion, *Anglin v. State Farm Fire & Cas. Ins. Co.*, 348 Ga. App. 362, 364 (823 SE2d 51) (2019). Rampersad appeals

the denial of her motion to set aside on multiple bases: she challenges the sufficiency of service of process, and she claims that she was not properly notified of either the trial date or the final judgment. For the reasons set out below, we vacate the denial of Rampersad's motion and remand to the trial court for further consideration of these issues.

(a) We start with Rampersad's claim about the sufficiency of service by publication. This method of service is "notoriously unreliable" as a means of providing actual notice, so the "constitutional prerequisite" for service by publication is a "showing that reasonable diligence has been exercised in attempting to ascertain [the defendant's] whereabouts." See *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983).

Here, Rampersad contends that the HOA failed to make this showing. In an affidavit submitted with her motion to set aside, Rampersad states that she was actually living at the Loganville property on Creek Bottom Road when the complaint was filed in June 2017, and for several months after. She states that she has never lived at, nor provided to anyone as her mailing address, the address on Temple Park Drive in Loganville where the HOA tried to personally serve her. On appeal, she posits that the HOA used an "imaginary address" to make it appear that its

9

unsuccessful efforts at personal service were genuine. . And the HOA has offered no explanation—below or on appeal—for why it tried to serve Rampersad at the Temple Park Drive address, or why it did not try to serve her at the Creek Bottom Road property that is the subject of their lawsuit.

If it is true that the HOA "failed to pursue obvious and fruitful channels of information," including looking for her at the very property they were suing about, then Rampersad's defective-service defense may well have merit. *Dukes v. Munoz*, 346 Ga. App. 319, 322–23 (1) (816 SE2d 164) (2018) (holding that service by publication was invalid on finding that plaintiffs had "failed to pursue obvious and fruitful channels of information" to locate the defendant). But the key question is whether reasonable diligence was exercised "under the facts of [this] case," *Abba Gana*, 251 Ga. at 343 (1). And here, the factual basis on which to make that judgment is lacking. When a defendant moves to set aside a judgment on the ground of defective service, "the trial court sits as the trier of fact." *Anglin v. State Farm Fire & Cas. Ins. Co.*, 348 Ga. App. 362, 364 (823 SE2d 51) (2019). Yet the order denying the motions to set aside includes no factual findings, and the record shows no hearing or other means of receiving evidence to determine whether, in light of Rampersad's affidavit, the HOA "exercised due diligence in pursuing every reasonably available

10

channel of information" about her whereabouts. *Abba Gana*, 251 Ga. at 343 (1). We therefore vacate the order denying Rampersad's motion to set aside and remand for the trial court to answer that question.

(b) Rampersad also contends that the judgment should have been set aside because she was not given proper notice of her trial date. See OCGA § 9-11-40 (c) (requiring trial courts to provide notice to parties of "the placing of actions upon the trial calendar"); *Smith v. Williams*, 256 Ga. App. 664, 664 (569 SE2d 598) (2002) ("OCGA § 9-11-40 (c) provides that courts shall place cases on the trial calendar and provide notice to the parties."). "A trial court abuses its discretion in denying a motion to set aside the judgment where a party did not have sufficient notice of the trial." *Threatt v. Threatt*, __ Ga. App. __, __ (860 SE2d 883, 885) (2021) (citing *Green v. Green*, 263 Ga. 551, 554 (2) (437 SE2d 457) (1993)).

We cannot tell from this record or the trial court's order that this required notice was given. In the affidavit supporting her motion to set aside, Rampersad avers that she never received any notice of trial from the court. The record before us contains no indication that notice was mailed to her at any address, including the address in India that is listed on the untimely answer she filed ten days before the trial date. And although the HOA asserts in its brief that "all parties were notified [of the

11

trial date] via email" from the court's Judicial Calendar Coordinator, the only "evidence" of this is an unauthenticated email that does not even appear to include Rampersad as a recipient. See *Greater Ga. Life Ins. Co. v. Eason*, 292 Ga. App. 682, 689 (4) (665 SE2d 725) (2008) (unauthenticated email is not admissible evidence).

Nor does the record show that trial notice was given through publication. The HOA contends that the trial court fulfilled its duty because the trial notice was "duly published." It is true that a trial court may fulfill its statutory duty to notify parties of the assignment of their cases for trial through publication of the court calendar in the relevant legal organ. See, e.g., *Spyropoulos v. Linard Estate*, 243 Ga. 518, 518 (255 SE2d 40) (1979) ("notice of trial by publication of the court calendar in the Fulton County Daily Report is notice pursuant to [OCGA § 9-11-40 (c)]"). But "each court has its own rules" about the manner of providing trial notices, with some circuits providing notice by the mailing of trial calendars and others doing so by publication. *Wilkes v. Ricks*, 126 Ga. App. 266, 267 & n.1 (190 SE2d 603) (1972). See also Uniform Superior Court Rule 8.3 (requiring that trial calendars "be distributed or published" within a prescribed time period). Here, the HOA has not shown that publication was the prescribed means of providing notice in Gwinnett County. And

12

even assuming it was, the HOA has pointed to no evidence in this record that the trial calendar was ever actually published in that County's official legal organ.

In short, the HOA has cited *no* evidence in the current record that either (a) rebuts Rampersad's sworn testimony that she never received a copy of the notice from the court or (b) shows that the trial court gave notice in accordance with local court rules. Nor does the trial court's order denying the motion to set aside indicate that the notice was given in accordance with local rules. Cf. *Havlik v. Tuftcraft, Inc.*, 162 Ga. App. 180, 180 (290 SE2d 524) (1982) (trial court expressly found that trial notice was "properly published and posted . . . in accordance with local court rules"). Thus, we vacate and remand for further proceedings on this issue as well. On remand, if the trial court determines that Rampersad was properly served, it must then consider whether she was properly notified of the trial date.[5]

---

[5] We note that the HOA might have argued, but did not, that Rampersad waived her right to receive notice of the trial by failing to file a timely answer. See OCGA § 9-11-5 (a) ("the failure of a party to file pleadings in an action shall be deemed to be a waiver by him or her of all notices, including notices of time and place of trial"). It is unclear whether failing to file a *timely* answer has the same effect as failing to file one altogether—particularly where, as here, the answer was filed before the trial date. But because the HOA has not made this argument, we need not resolve this question here. See *Turner v. Flournoy*, 277 Ga. 683, 686 (2) (594 SE2d 359) (2004) (noting that, with only "rare exceptions," appellate courts should decide only the issues actually presented by the parties: "when we decide an issue sua sponte, we invite error because the issue has not been fleshed out fully; it has not been researched,

13

(c) Last, Rampersad contends (and the HOA does not dispute) that the trial court did not notify her of the judgment against her.[6] This statutory "duty" is mandatory, OCGA § 15-6-21 (c), even if a party had actual or constructive notice of the judgment by other means. See *Wright v. Wright*, 300 Ga. 114, 116 (2) (793 SE2d 96) (2016). If the trial court fails to fulfill this duty, the remedy is for the trial court to set aside and reenter the judgment, and then give the required notice. *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148–49 (1) (269 SE2d 426) (1980), disapproved on other grounds by *Wright v. Young*, 297 Ga. 683, 683 n.3 (777 SE2d 475) (2015); *Brown*, 240 Ga. App. at 896 (4).[7]

Here, the trial court failed to make findings on whether it provided the notice required by OCGA § 15-6-21 (c). When that happens, the proper course is to remand with instructions that the trial court make such findings. See *Wright v. Wright*, 300 Ga. at 116–17 (2) (reversing and remanding for fact findings on notice); *Brown*, 240

---

briefed and argued by the parties").

[6] The HOA contends that Rampersad failed to raise this issue in the trial court, but the record shows that she did.

[7] Setting aside and then reentering the judgment reopens the 30-day window for appealing the judgment. *Cambron*, 246 Ga. at 148–49 (1); *Brown*, 240 Ga. App. at 896 (4).

14

Ga. App. at 896 (4) (vacating and remanding for fact findings on notice).[8] For this reason, we vacate the judgment and remand for the trial court to make a factual finding as to whether it provided the required notice.

*

In sum: We first hold that these appeals are not moot. Patel's appeal, however, must be dismissed because it is an impermissible effort to seek a second appeal from the underlying judgment. As to Rampersad's appeal, we vacate the order denying her motion to set aside and remand with direction to consider, consistent with this opinion: (a) whether the HOA exercised the required diligence in its efforts to perfect service on her; (b) if so, whether she received sufficient notice of the trial date as required by OCGA § 9-11-40 (c); and (c) if she was properly served and notified of the trial date, whether the court notified Rampersad of the judgment as required by OCGA § 15-6-21 (c).

---

[8] Notice of the judgment is "not . . . required" if a party has waived notice under OCGA § 15-6-21 (c) ("notice shall not be required if such notice has been waived pursuant to subsection (a) of Code Section 9-11-5"); *Winslett v. Guthrie*, 326 Ga. App. 747, 752–53 (4) (755 SE2d 287) (2014). As with the trial-date-notice issue, the HOA has not argued that Rampersad waived her right to notice of the judgment, so we need not decide that question. See *Turner*, 277 Ga. at 686 (2).

*Judgment vacated and case remanded with direction in A21A1490. Appeal dismissed in A21A1491. Dillard, P. J., and Mercier, J., concur.*