**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 28, 2022**

# In the Court of Appeals of Georgia

A22A0995. IMC CONSTRUCTION COMPANY, INC. v. MITCHELL.

REESE, Judge.

In this negligent construction case, after the trial court entered default judgment against IMC Construction Company, Inc. ("IMC"), IMC filed a motion to set aside on the basis that it had not been served. The trial court denied the motion to set aside, and this Court granted IMC's application for interlocutory review. For the reasons set forth infra, we reverse.

"We review a ruling on a motion to set aside for abuse of discretion and affirm if there is any evidence to support it."[1] So viewed, the record shows that in October 2018, homeowner Niya Mitchell filed suit against Easy to Own Homes, LLC

---

[1] *Vasile v. Addo*, 341 Ga. App. 236, 240 (2) (800 SE2d 1) (2017).

("ETO"); David Gilmore; IMC; and Innocent Nwachukwu, alleging, inter alia, negligent construction and negligence per se. ETO and Gilmore answered and asserted cross-claims against IMC and Nwachukwu.

Nwachukwu is the owner and registered agent of IMC. In February 2019, a process server attempted service on Nwachukwu, in his individual capacity, and the complaint and summons were left with Nwachukwu's son at their residence in Marietta. According to the return of service, Nwachukwu was inside the residence at the time. A few weeks later, Mitchell filed a certificate of acknowledgment indicating service on IMC through the Secretary of State. Neither Nwachukwu nor IMC answered, and on June 4, 2019, the trial court granted Mitchell's motion for default and entered default judgment against Nwachukwu and IMC.

In October 2019, Mitchell noticed the deposition of Nwachukwu and of IMC, by and through Nwachukwu.[2] Nwachukwu appeared for the deposition on October 23, 2019, and testified.

Nine months later, counsel first entered an appearance for IMC and Nwachukwu. The same day, IMC filed a motion to set aside the default judgment

---

[2] See OCGA § 9-11-30 (b) (6) (providing for the deposition of public or private corporations through the organization's officers, directors, or managing agents).

under OCGA § 9-11-60 (d), arguing that it had never been served with process.[3] In support of its motion, IMC submitted an affidavit from Nwachukwu in which he averred that his son, who was 18 years old at the time of the affidavit, had never given him the suit papers nor alerted him to service. He further explained that IMC maintained a business mailbox separate from his residence; he had never been served as IMC's registered agent; and, to his knowledge, IMC had never been served. Mitchell filed no response. The trial court found that IMC had not been served but nevertheless denied the motion to set aside because Nwachukwu had notice of the suit by October 2019. This appeal follows.

"Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is *any evidence* to support them."[4] However, this Court reviews "a question of law on appeal under a de novo standard of review, meaning that we owe no deference to the trial court's ruling and apply the 'plain legal

---

[3] Nwachukwu did not join the motion to set aside.

[4] *Vasile*, 341 Ga. App. at 240 (2) (citation and punctuation omitted; emphasis in original).

error' standard of review."[5] With these general principles in mind, we turn now to IMC's claims of error.

IMC contends that it was never served, such that the trial court never obtained jurisdiction to enter default judgment against it. Specifically, IMC argues that Mitchell's filing of the certificate of acknowledgment from the Secretary of State is insufficient to meet the requirements for service set forth in OCGA § 9-11-4 (e) (1) (A).

"When there is no proper service, and no valid waiver of service, the court does not have jurisdiction over the defendant."[6] Accordingly, lack of personal jurisdiction is a basis for setting aside a judgment under OCGA § 9-11-60 (d).[7]

Pursuant to OCGA § 9-11-4 (e) (1) (A), service on a corporation "shall be made by delivering a copy of the summons attached to a copy of the complaint" to the

---

[5] Id. (citation and punctuation omitted).

[6] *Bonner v. Bonner*, 272 Ga. 545, 546 (2) (533 SE2d 72) (2000).

[7] OCGA § 9-11-60 (d) provides that a judgment may be set aside based on: "(1) Lack of jurisdiction over the person or the subject matter; (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) A nonamendable defect which appears upon the face of the record or pleadings."

president, other officer, or a managing or registered agent.[8] However, "when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation or foreign corporation upon whom any process, notice, or demand may be served."[9] As this Court has explained, "substituted service upon the Secretary of State is proper *only* after a plaintiff has attempted to serve the persons listed in the statute and 'for any reason' that attempt is unsuccessful."[10]

---

[8] OCGA § 9-11-4 (e) (1) (A).

[9] OCGA § 9-11-4 (e) (1) (A). The statute further provides: "Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or her or with any other person or persons designated by the Secretary of State to receive such service a copy of such process, notice, or demand, along with a copy of the affidavit to be submitted to the court pursuant to this Code section. The plaintiff or the plaintiff's attorney shall certify in writing to the Secretary of State that he or she has forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or registered agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that such corporation or foreign corporation has failed either to maintain a registered office or to appoint a registered agent in this state."

[10] *Stone Exchange v. Surface Tech. Corp. of Ga.*, 269 Ga. App. 770, 772 (605 SE2d 404) (2004) (emphasis in original).

When a defendant in a lawsuit challenges the sufficiency of service, the defendant bears the burden of showing improper service.[11] "If the defendant makes such a showing, the burden shifts back to the plaintiff to show that service was proper."[12] As a general rule, "a return of service is prima facie evidence of the facts recited therein, but it may be rebutted by proof that such facts are untrue. Such proof may include, along with other evidence to impeach the return of service, sworn statements made on personal knowledge."[13]

Once IMC presented evidence that it had not been served, the burden shifted to Mitchell to show proper service in compliance with OCGA § 9-11-4 (e) (1) (A).[14] However, the record contains no evidence showing that Mitchell attempted service on IMC, as required for substituted service on the Secretary of State. On appeal, Mitchell argues that she attempted to serve IMC at its business address and was unable to do so. But "[f]actual assertions in appellate briefs which are not supported

---

[11] *Anglin v. State Farm Fire & Cas. Ins. Co.*, 348 Ga. App. 362, 365 (1) (823 SE2d 51) (2019).

[12] Id.

[13] Id. (punctuation and footnotes omitted).

[14] See *Anglin*, 348 Ga. App. at 365 (1).

by evidence in the record cannot be considered in the appellate process[,]" and "briefs cannot be used in lieu of the record or transcript to add evidence to the record."[15] Because there was no evidence admitted below showing attempted service on IMC, some evidence supports the trial court's finding that service was not proper under OCGA § 9-11-4 (e) (1) (A).[16]

Despite finding that IMC was not properly served, the trial court nevertheless determined that IMC had waived its defense of lack of service by failing to raise it at the earliest possible opportunity because Nwachukwu had actual notice of the suit by

---

[15] *Fidelity Enterprises v. Heyman & Sizemore*, 206 Ga. App. 602, 602-603 (1) (426 SE2d 177) (1992) (citations omitted). Mitchell filed a motion to supplement the record on appeal with evidence she filed in the trial court in April 2022, after this appeal was docketed, which she alleges demonstrates her attempts at service. However, we denied Mitchell's motion to supplement. See *Atkinson v. City of Atlanta*, 325 Ga. App. 70, 72, n. 3 (752 SE2d 130) (2013) ("[W]e do not accept assertions of fact or evidence which were not before the trial court.") (citation and punctuation omitted); see also *Cancel v. Med. Center of Central Ga.*, 345 Ga. App. 215, 227 (3) (812 SE2d 592) (2018) (explaining that "evidence never actually admitted at trial cannot properly become a part of the record on appeal") (citation and punctuation omitted).

[16] See *Stone Exchange*, 269 Ga. App. at 771 (holding that the plaintiff was not authorized to resort to substituted service on the Secretary of State when the plaintiff did not attempt to serve the corporate defendant despite having actual knowledge of its current address).

October 2019. IMC argues that Nwachukwu's knowledge of the suit does not cure any defect in service.

As a general rule, "when a Georgia resident is served with process in an action brought in a Georgia court, he must assert the defense of lack of personal jurisdiction at the earliest opportunity, or else it is waived."[17] However, "if there was no valid service of process, it is immaterial whether the defendant had actual notice of the pendency of the action."[18] Stated another way, notice of the suit is insufficient in the absence of service in compliance with OCGA § 9-11-4.[19]

---

[17] *Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 662-663 (1) (697 SE2d 233) (2010); see *McCarthy v. Ashment*, 338 Ga. App. 858, 860 (1) (790 SE2d 651) (2016) (noting that "the lack of personal jurisdiction arising from the defects of invalidity of service or improper venue may be waived if such defenses are not made either by motion under OCGA § 9-11-12 or in the original responsive pleading").

[18] *Devendorf v. Midkiff*, 184 Ga. App. 722 (362 SE2d 398) (1987) (citations and punctuation omitted); accord *Heard v. Hopper*, 233 Ga. 617, 618 (2) (212 SE2d 797) (1975).

[19] See *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989) (holding that there is no authority to dispense with the clear requirements of personal service "merely because the defendant may otherwise obtain knowledge of the filing of the action").

8

The trial court relied on *Tavakolian v. Agio Corp.*[20] to conclude that IMC waived the defense of lack of service, but the case is distinguishable. In *Tavakolian*, the defendant was served with process.[21] In the instant case, the trial court found that IMC was *not served* with process, and, as set forth above, that finding is supported by some evidence. Therefore, "[i]t matters not that [IMC] may have received notice of the suit. Service in the manner prescribed is necessary."[22] Accordingly, the trial court erred as a matter of law in ruling that IMC waived its defense of lack of service due to Nwachukwu's knowledge of the suit and denying IMC's motion to set aside on this basis.[23]

*Judgment reversed. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[20] 304 Ga. App. 660.

[21] Id. at 662-663 (1).

[22] *Hudgins v. Bawtinhimer*, 196 Ga. App. 386, 389 (3) (395 SE2d 909) (1990).

[23] See *Bible*, 259 Ga. at 419 (reversing the trial court's order denying a motion to dismiss for improper service when service did not comply with OCGA § 9-11-4); see also *Anglin*, 348 Ga. App. at 365-366 (1) (reversing the denial of a motion to set aside a default judgment when the record did not show that the defendant was properly served).